**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 16 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

OMAR TORRES VARGAS,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-2840

Agency No.
A202-151-795

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 10, 2025[**]
Pasadena, California

Before: CALLAHAN, DESAI, and DE ALBA, Circuit Judges.

Omar Torres Vargas seeks review of a Board of Immigration Appeals

("BIA") decision dismissing his appeal from an Immigration Judge's ("IJ") order

denying his applications for asylum, withholding of removal, and protection under

the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252 and deny the petition.

"Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). "We review factual findings for substantial evidence and legal questions de novo." *Manzano v. Garland*, 104 F.4th 1202, 1206 (9th Cir. 2024) (quoting *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022)). We review de novo whether a petitioner exhausted administrative remedies. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023); *Great Basin Mine Watch v. Hankins*, 456 F.3d 955, 961 (9th Cir. 2006).

1. Torres contends the IJ and BIA "failed to analyze [his] testimony and evidence to make a determination as to whether Los Cuerdunos targeted [him] because he is a merchant or business person." Even assuming Torres exhausted the administrative remedies necessary to preserve judicial review of this argument, *see* 8 U.S.C. § 1252(d)(1), the record does not support Torres's contention. The IJ concluded that Torres's proposed social group of "merchants" is not a cognizable social group for purposes of asylum and withholding of removal. *See Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016) ("An asylum or withholding applicant's burden includes . . . 'demonstrating the existence of a cognizable particular social group'" (quoting *Matter of W–G–R–*, 26 I. & N. Dec. 208, 223

24-2840

(B.I.A. 2014))).  The BIA "affirm[ed]," holding that that Torres "did not establish a nexus between any past incidents or fear of future harm in Mexico and a protected ground."  Thus, both the IJ and BIA adequately addressed and resolved Torres's claim that he was targeted because he was a merchant.  *See Parada v. Sessions*, 902 F.3d 901, 910 (9th Cir. 2018) (explaining that, where the BIA affirms the immigration judge's overall findings, "we review the IJ's decision 'as a guide to what lay behind the BIA's conclusion'" (quoting *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006))).

Torres does not challenge the agency's dispositive finding that "merchants" or "business people" do not constitute a cognizable social group for purposes of asylum or withholding of removal.  But even if Torres had raised this issue, our precedent forecloses this argument.  *See Macedo Templos v. Wilkinson*, 987 F.3d 877, 881, 883 (9th Cir. 2021) (holding that proposed social group of "Mexican wealthy business owners who do not comply with extortion attempts" was not cognizable).

2.     Because Torres's notice of appeal and brief before the BIA contained no argument challenging the IJ's failure to consider country conditions evidence in denying CAT relief, he failed to exhaust this argument.  When, as here, the government raises a petitioner's failure to comply with the statutory exhaustion requirement, *see* 8 U.S.C. § 1252(d)(1), we will not review those unexhausted

arguments. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 416–23 (2023) (holding that § 1252(d)(1) is a non-jurisdictional, mandatory claim-processing rule subject to waiver and forfeiture); *Umana-Escobar*, 69 F.4th at 550. To satisfy the exhaustion requirement, the petitioner must have raised a claim "in the administrative proceedings below," and sufficiently "put the BIA on notice of what was being challenged. . . . ." *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020). Torres did not mention or cite any evidence from the country conditions report in his notice of appeal to the BIA or in the appellate brief submitted to the BIA. Thus, he failed to give the BIA an adequate opportunity to "pass on the issue." *Id.* (quoting *Zhang v. Ashcroft*, 388 F.3d 713, 721 (9th Cir. 2004) (per curiam)).

**PETITION DENIED.**